IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ESTECH SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>REGUS MANAGEMENT GROUP, LLC<br>AND IWG PLC,<br><br>    Defendants. | Civil Action No. 2:20-cv-00143 |

**PLAINTIFF ESTECH SYSTEMS, INC.'S RESPONSE TO
DEFENDANT REGUS MANAGEMENT GROUP, LLC'S
MOTION TO DISMISS**

# TABLE OF CONTENTS

I.   RESPONSE TO DEFENDANT'S STATEMENT OF THE ISSUES ......................... 1

II.  ARGUMENT .................................................................................................................. 1

    A.   Legal Standard ................................................................................................... 1

    B.   Estech's Infringement Claims Should Not Be Dismissed Because the Complaint Sufficiently Identifies Defendant's Accused Instrumentalities ............................... 2

    C.   Estech Sufficiently Identifies the Apparatus Used in Contributory Infringement ....................................................................................................... 6

    D.   Estech Has No Burden to Allege Compliance with the Marking Statute in Order to Recover "Pre-Suit" Damages for Indirect and Willful Infringement ...... 8

    E.   If a More Definitive Statement Is Required, Estech Should Be Granted Leave to Amend ................................................................................................. 10

III. CONCLUSION ............................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Achates Reference Publ'g, Inc. v. Symantec Corp*,
  No. 2:11-CV-294-JRG-RSP, 2013 U.S. Dist. LEXIS 27143 (E.D. Tex. Jan. 10, 2013) ........ 6, 8

*Am. Med. Sys. v. Med. Eng'g Corp.*,
  6 F.3d 1523 (Fed. Cir. 1993) ................................................................................................ 9-10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 2

*BMC Software, Inc. v. ServiceNow, Inc.*,
  No. 2:14-CV-903-JRG, 2015 U.S. Dist. LEXIS 64366 (E.D. Tex. May 18, 2015) .................... 8

*Collins v. Morgan Stanley Dean Witter*,
  224 F.3d 496 (5th Cir. 2000) ................................................................................................... 1

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-00752-JRG-JDL,
  2015 U.S. Dist. LEXIS 106962 (E.D. Tex. Aug. 14, 2015) .................................................. 6, 8

*Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.*,
  559 F.3d 1308 (Fed. Cir. 2009) ............................................................................................... 9

*DRG-International, Inc. v. Bachem Ams., Inc.*,
  2016 U.S. Dist. LEXIS 184494 (C.D. Cal. Jan. 5, 2016) ....................................................... 10

*Dueling v. Devon Energy Corp.*,
  623 Fed. Appx. 127 (5th Cir. 2015) ........................................................................................ 2

*Inmotion Imagery Techs. v. Brain Damage Films*,
  No. 2:11-CV-414-JRG, 2012 U.S. Dist. LEXIS 112630 (E.D. Tex. Aug, 10, 2012) ............. 6, 7

*Jones v. Robinson Prop Grp., L.P.*,
  427 F.3d 987 (5th Cir. 2005) ................................................................................................... 2

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*,

   677 F.2d 1045 (5th Cir. 1982) ................................................................................................. 1

*Klausner Techs., Inc. v. Oracle Corp.*,

   2012 U.S. Dist. LEXIS 205422 (E.D. Tex. Sept. 10, 2012) ................................................. 3, 4

*Landmark Tech. LLC v. Aeropostale,*

   No. 6:09-CV-262, 2010 U.S. Dist. LEXIS 136586 (E.D. Tex. March 29, 2010) ....................... 3

*Mayeaux v. La. Health Serv. & Indem. Co.*,

   376 F.3d 420 (5th Cir. 2004) ....................................................................................................... 2

*MAZ Encryption Techs. LLC v. BlackBerry, Ltd.*,

   No. 6:15-cv-1167-RWS-JDL, 2016 U.S. Dist. LEXIS 191607 (E.D. Tex. June 7, 2016) ...... 3, 5

*Pers. Audio, LLC v. Google, Inc.*,

   No. 1:15-CV-350, 2017 U.S. Dist. LEXIS 122635 (E.D. Tex. May 15, 2017) .......................... 8

*Raytheon Co. v. Cray, Inc.*, No. 2016-CV-00423-JRG-RSP,

   2017 U.S. Dist. LEXIS 56729 (E.D. Tex. Mar. 13, 2017) ................................................ 3, 4, 5

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*,

   170 F. Supp. 3d 928 (E.D. Tex. 2016) ................................................................................... 1, 8

*Skinner v. Switzer*,

   562 U.S. 521 (2011) ............................................................................................................... 1, 2

*Uniloc USA, Inc. v. Avaya Inc.*,

   No. 6:15-cv-1168-JRG, 2016 U.S. Dist. 181826 (E.D. Tex. May 13, 2016) .......................... 5, 6

*Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*,

   406 F. Supp. 3d 585 (E.D. Tex. 2019) .................................................................................. 2, 10

**Statutes**

35 U.S.C. § 287(a) ........................................................................................................................ 9

Fed. R. Civ. P. 8(a) ........................................................................................................................... 5

Fed. R Civ. P. 8(a)(2) ...................................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 1

Fed. R. Civ. P. 15(a) ....................................................................................................................... 2

Fed. R. Civ. P. 15(a)(2) ................................................................................................................... 2

Plaintiff Estech Systems, Inc. ("Estech" or "Plaintiff") files this response to Regus Management Group, LLC's ("Regus" or "Defendant") Motion to Dismiss ("Motion"). For the following reasons, the Motion should be denied in its entirety.

## I. RESPONSE TO DEFENDANT'S STATEMENT OF THE ISSUES

The Motion fails for two primary reasons. First, Defendant attempts to impose a level of detail for the allegations in Estech's Complaint that exceeds both the pleading requirements of the Federal Rules of Civil Procedure, and this Court's established precedent. Second, Defendant's argument that Estech must comply with the marking statute is misplaced because for three of the asserted patents, the Complaint identifies *only* method claims that do not implicate the marking statute in any way, and for the fourth patent, the Complaint identifies both method and system claims, rendering an attempt to parse "pre-suit" from "post-suit" damages premature. The Motion should therefore be denied.

## II. ARGUMENT

### A. Legal Standard

In the Fifth Circuit, the "motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). "Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint if the complaint 'fail[s] to state a claim upon which relief can be granted.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting FED. R. CIV. P. 12(b)(6)). "The question resolved on a motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail, 'but whether [the] complaint was sufficient to cross the federal court's threshold.'" *Id.* (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). The "plaintiff is

1

generally required to provide 'only a plausible "short and plain" statement of the plaintiff's claim . . .'" *Id.* at 936 (quoting *Skinner*, 562 U.S. at 530; Fed. R Civ. P. 8(a)(2)) (alteration in original).

The plausibility standard is met when the complaint pleads "enough facts to raise a reasonable expectation that discovery will reveal evidence" in support of the alleged claims. *Id.* Thus, particularly when the relevant information is beyond the plaintiff's access, the courts should generally permit discovery to proceed unless the complaint recites no more than sheer speculation about the plaintiff's entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

When deciding motions to dismiss, Federal Rule 15(a) instructs the Court to "freely give leave [to amend] when justice so requires," within the discretion of the Court. FED. R. CIV. P. 15(a)(2); *Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 593 (E.D. Tex. 2019). This Court has interpreted Federal Rule 15(a) to "envince[] a bias in favor of granting leave to amend." *Id.* (quoting *Jones v. Robinson Prop Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)). Indeed, "district courts must entertain a presumption in favor of granting parties leave to amend." *Dueling v. Devon Energy Corp.*, 623 Fed. Appx. 127, 129 (5th Cir. 2015) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (internal citation omitted) (finding the district court abused its discretion in denying plaintiffs' request for leave to amend).

**B.    Estech's Infringement Claims Should Not Be Dismissed Because the Complaint Sufficiently Identifies Defendant's Accused Instrumentalities.**

Defendant argues that the Complaint should be dismissed on the mistaken ground that it does not sufficiently identify the Accused Instrumentalities. The Motion argues that "Estech's contention that the 'Accused Instrumentalities' include certain nonspecific 'local area networks

used in conjunction with VoIP devices . . . that provide VoIP functionality' does not render its description of infringement any less vague." Dkt. No. 11, Mot. at 5. But Estech has sufficiently identified Defendant's telephone and voicemail systems as the infringing Accused Instrumentalities: Defendant's "VoIP telephone system" infringes three asserted patents, and its "voicemail systems" infringe the fourth asserted patent. This Court has held that descriptions of accused instrumentalities that are less detailed than the ones provided by Estech pass muster to withstand a motion to dismiss. *See, e.g.*, *MAZ Encryption Techs. LLC v. BlackBerry, Ltd.*, No. 6:15-cv-1167-RWS-JDL, 2016 U.S. Dist. LEXIS 191607, at *9 (E.D. Tex. June 7, 2016) (denying a motion to dismiss where plaintiff alleged infringement of systems "such as the Blackberry Enterprise Solution," holding that "[a]llegations to the level of detail contained in infringement contentions are not required at the pleading stage."). Estech's identification of Accused Instrumentalities is therefore sufficient at this stage of the case. *Id.*; *see also Raytheon Co. v. Cray, Inc.*, No. 2016-CV-00423-JRG-RSP, 2017 U.S. Dist. LEXIS 56729 at *10 (E.D. Tex. Mar. 13, 2017) (Gilstrap, J.) (denying a motion to dismiss where plaintiff alleged infringement of a "specific supercomputer," and concluding that "factual assertions about what specific components, features, or capabilities the accused products have, let alone *how* they allegedly infringe [are] not required at the pleading [stage]") (emphasis in original).[1]

---

[1] The only two cases that Defendant cites from this District on this issue are distinguishable from Estech's claims. In *Landmark Tech. LLC v. Aeropostale*, plaintiff accused Defendants' "electronic commerce systems," without further explanation or detail. *Landmark Tech. LLC v. Aeropostale,* No. 6:09-CV-262, 2010 U.S. Dist. LEXIS 136586, at *11 (E.D. Tex. March 29, 2010) (Flanagan, C. J.). By contrast, Estech accuses the particular infringing systems that Defendant uses, along with the constituent parts of the Accused Instrumentalities: "VoIP telephone systems and networking equipment utilized by Defendant[]" and "local area networks used in conjunction with VoIP devices, such as telephones, networking equipment, and servers that provide VoIP functionality." *See* Compl. ¶¶ 21, 22; *see also id.* ¶¶ 39, 40, 57, 58, 68, 69. The accused instrumentalities in *Klausner Techs., Inc. v. Oracle Corp.* were similarly more vague than those at issue here, and the *Klausner Techs.* court applied a more exacting pleading standard eight years

3

Estech specifically identifies each patent that is allegedly infringed. *See* Compl. ¶¶ 23, 41, 59, 70. And Estech describes with specificity the different aspects of Voice over IP (VoIP) and voicemail technology claimed in each patent, for example: "The '298 patent describes information processing systems that store a list of phone numbers and provide those phone numbers to the user of a VoIP telephone. The user can use that list to dial the telephone number of another user associated with the system." *Id.* ¶ 18; *see also* ¶¶ 36, 54, 65 (describing the technology claimed for the other three patents-in-suit with similar specificity). The Complaint also identifies exemplary claims of each patent that Defendant infringes. *Id.* ¶ 23 (specifically identifying Claim 1 of the '298 patent); *see also* ¶¶ 41, 59, 70 (identifying exemplary claims for the other three patents-in-suit). And Estech further identifies the particular systems that Defendant uses in infringing the identified patent claims, along with the constituent parts of the Accused Instrumentalities: "VoIP telephone systems and networking equipment utilized by Defendant[]" and "local area networks used in conjunction with VoIP devices, such as telephones, networking equipment, and servers that provide VoIP functionality." *See id.* ¶¶ 21, 22; *see also id.* ¶¶ 39, 40, 57, 58, 68, 69.

---

ago than the one the Court applies today. *Compare Klausner Techs., Inc. v. Oracle Corp.*, 2012 U.S. Dist. LEXIS 205422, at *6 (E.D. Tex. Sept. 10, 2012) (Davis, J.) ("[Plaintiff] failed to assert how these products were infringing . . ."), *with Raytheon Co. v. Cray, Inc.*, No. 2016-CV-00423-JRG-RSP, 2017 U.S. Dist. LEXIS 56729 at *10 (E.D. Tex. Mar. 13, 2017) (Gilstrap, J.) (denying a motion to dismiss because "factual assertions about what specific components, features, or capabilities the accused products have, let alone *how* they allegedly infringe [are] not required at the pleading [stage]") (emphasis in original). This Court no longer requires the plaintiff to describe *how* the defendant infringes the patents. These cases, therefore, do not compel the dismissal of Estech's claims.

Indeed, the Complaint provides two separate and specific identifications of the accused systems.[2] For the asserted '684 patent family,[3] Estech identifies Defendant's VoIP telephone systems and networking equipment. *See e.g.* Compl. at ¶ 21. Estech thus transparently accuses Defendant's VoIP telephone system and the associated networking equipment of patent infringement. As described in the Complaint, the fourth asserted patent is the '349 patent, which is infringed by *different* Regus systems. *See* Compl. ¶ 57. With respect to the '349 patent, Estech accuses Defendant's voice mail systems of infringement. Defendant does not identify any additional information that it needs in order to understand the accused voice mail systems. To the extent Defendant seeks to understand more particularly *how* its voicemail systems infringe the '349 patent, that additional detail will be provided timely in Estech's forthcoming infringement contentions. *See also Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-cv-1168-JRG, 2016 U.S. Dist. 181826, at \*14-17 (E.D. Tex. May 13, 2016) (Gilstrap, J.) (recognizing the need for infringement contentions at an early stage in the litigation, and "declin[ing] to infuse [Federal Rule] 8(a)'s well-established pleading standard with such a heightened burden [of including infringement contentions with the original complaint] at the initial pleading stage.").

In short, Defendants' allegations are factually incorrect: Estech has identified the specific patents, the specific claims, and the patent-by-patent Accused Instrumentalities as needed to state a claim. *See Raytheon Co.*, 2017 U.S. Dist. LEXIS 56729 at \*10; *MAZ Encryption Techs. LLC*, 2016 U.S. Dist. LEXIS 191607, at \*9. Defendants' remaining arguments are based on an incorrect understanding of the pleading requirements, conflating a well-pled complaint with infringement

---

2 *See* Mot. at 4, incorrectly stating that "lack of clarity fails to inform [Regus] as to how [it] must defend itself against charges of . . . infringement."

3 The '684 patent is the parent of the '298 and '699 patents.

5

contentions. *See Uniloc USA, Inc.*, 2016 U.S. Dist. LEXIS 181826, at *14-17. Defendants' Motion should therefore be denied.

### C. Estech Sufficiently Identifies the Apparatus Used in Contributory Infringement.

Defendant argues that Estech's claim for contributory infringement should be dismissed because the Complaint supposedly inadequately identifies the apparatus used, and because Estech supposedly does not plead facts allowing for an inference that the components have no substantial non-infringing use. Dkt. No. 11, Mot. at 6. It is not controversial that a claim for contributory infringement must include these details to withstand a motion to dismiss. *See, e.g.*, *Achates Reference Publ'g, Inc. v. Symantec Corp*, No. 2:11-CV-294-JRG-RSP, 2013 U.S. Dist. LEXIS 27143, at *6 (E.D. Tex. Jan. 10, 2013) (Payne, M. J.) (denying a motion to dismiss contributory infringement claims and stating the pleading standard requiring allegations of "(1) an act of direct infringement, (2) that the defendant knew that the combination for which its components were especially made was both patented and infringing, and (3) that the components have no substantial non-infringing uses." (internal quotation marks omitted)).

As Defendant explains, this Court has dismissed claims for contributory infringement that fall short of this standard. *See, e.g.*, *Inmotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 U.S. Dist. LEXIS 112630, at *9-10 (E.D. Tex. Aug, 10, 2012) (Gilstrap, J.); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-00752-JRG-JDL, 2015 U.S. Dist. LEXIS 106962, at *14-16 (E.D. Tex. Aug. 14, 2015) (Gilstrap, J.). Both of these cases, however, militate in favor of denying the Motion, because the complaints dismissed in both cases lacked the level of specificity that was included in Estech's Complaint. In *Inmotion Imagery Techs.*, the complaint merely alleged that "[defendant] has also contributed to the infringement of one or more claims." *Inmotion Imagery Techs.*, 2012 U.S. Dist. LEXIS 112630 at *2 (quoting Compl. Dkt.

No. 1 ¶ 42). In contrast, Estech pleads the existence of "special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the [Asserted Patents], including, for example, Claim 1 of the [Asserted Patents]." Compl. ¶¶ 28, 46, 75. Tellingly, Defendant has only included a partial quote of Estech's allegation of contributory infringement in its Motion. Dkt. No. 11, Mot. at 6. In truth, the Complaint continues with even further detail:

> "for example, the devices and networking components recited in Claim 1, including the interrelation between those devices and networking components, that allow the claimed server to provide a list of extensions and for the user to select to view a subset of the extensions. The special features constitute a material part of the invention of one or more of the claims of the '298 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendants' contributory infringement is ongoing." Compl. ¶ 28.

> "for example, the devices and networking components recited in Claim 36, including the interrelation between those devices and networking components, that throttle the amount of data being transferred through the telephone. The special features constitute a material part of the invention of one or more of the claims of the '684 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendants' contributory infringement is ongoing." Compl. ¶ 46.

> "for example, the devices and networking components recited in Claim 1, including the interrelation between those devices and networking components, that allow a user to access and listen to the voice mail using a telecommunications within a second LAN by connecting to the first LAN via a wide-area network (WAN), such as the Internet. The special features constitute a material part of the invention of one or more of the claims of the '699 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendants' contributory infringement is ongoing." Compl. ¶ 75.

The Motion's assertion that these allegations are deficient like those in *Inmotion Imagery Techs.* is therefore not credible.

Similarly, the complaint in *Core Wireless* contained only generic statements about the invention, which led to dismissal. *See Core Wireless*, 2015 U.S. Dist. LEXIS 107354 at *15 (citing Compl. Dkt. No. 1 ¶ 69 ("Apple installs, configures, and sells its Standard-Compliant Products with distinct and separate hardware and/or software components especially made or especially adapted to practice the invention claimed in the '634 patent. That hardware and/or software is a material part of the invention. That hardware and/or software is not a staple article or commodity of commerce because it is specifically designed to perform the claimed functionality. Any other use of that hardware and/or software would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.")).  In contrast, Estech's Complaint provides more than enough detail to satisfy the pleading standard. *See, e.g.*, *BMC Software, Inc. v. ServiceNow, Inc.*, No. 2:14-CV-903-JRG, 2015 U.S. Dist. LEXIS 64366, at *4-5 (E.D. Tex. May 18, 2015) (Gilstrap, J.) (denying a motion to dismiss for contributory infringement because plaintiff's pleadings were "sufficiently plausible"); *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 938 (E.D. Tex. 2016) (Bryson, J.) (denying a motion to dismiss a claim for contributory infringement and holding that "[a] complaint properly pleads a claim of contributory infringement if it contains sufficient facts from which the court may conclude that the claim is plausible"); *Pers. Audio, LLC v. Google, Inc.*, No. 1:15-CV-350, 2017 U.S. Dist. LEXIS 122635, at *23 (E.D. Tex. May 15, 2017) (Clark, J.) (denying a motion to dismiss a claim for contributory infringement, in which the plaintiff alleged that defendant had "no substantial non-infringing uses and is especially made and/or adapted so as to be used in audio player devices, so as to infringe the Asserted Patents."); *Achates Reference Publ'g, Inc. v. Symantec Corp*, 2013 U.S. Dist. LEXIS 27143, at *6-9 (Payne, M. J.).  The Motion should therefore be denied on this issue.

      **D.**    **Estech Has No Burden to Allege Compliance with the Marking Statute in Order to Recover "Pre-Suit" Damages for Indirect and Willful Infringement.**

Estech need not plead compliance with the marking statute, 35 U.S.C. § 287(a), in order to maintain its claim for "pre-suit" damages. Defendant's argument on this point is contrary to both the law and the alleged facts, given that (for three of the asserted patents) the Complaint identifies *only* method claims, which do not implicate the marking statute in any way. *See Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.,* 559 F.3d 1308, 1316-17 (Fed. Cir. 2009) ("Because Rexam asserted only the method claims of the '839 patent, the marking requirement of 35 U.S.C. § 287(a) does not apply."). Furthermore, Defendant's attempt to parse method claims from apparatus claims at the motion to dismiss stage is premature, especially given that the Motion was filed before the deadline for serving infringement contentions.

Defendant points to the '349 patent and argues feebly that all damages for past infringement should be dismissed for failure to comply with the marking statute. Dkt. No. 11, Mot. at 7. But the Complaint identifies only a method claim of that patent as infringed. *See* Compl. ¶ 54. Defendant's argument that, to be entitled to "pre-suit" damages, Estech must allege compliance with the marking statute for the '349 patent is thus entirely contrary to controlling law. *See Am. Med. Sys. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993) ("The law is clear that the notice provisions of § 287 do not apply where the patent is directed to a process or method.").[4]

Similarly, the Complaint identifies only method claims for the '699 and '684 patents, and therefore compliance with the marking statute is neither required nor even possible at the pleading stage. *See* Compl. ¶¶ 40, 69; *see also Am. Med. Sys.*, 6 F.3d at 1528 (Fed. Cir. 1993) ("The reason

---

[4] Defendant's argument that Estech's claim for damages for the '349 patent should be dismissed for allegedly failing to comply with the marking statute because the '349 patent expired before the filing of the lawsuit is also of no moment. Mot. at 7. As discussed, not only does the Complaint only identify a method claim of the '349 patent (rendering the marking statute inapplicable) but Defendants' attempt to parse pre-suit from post-suit conduct at the pleading stage should be rejected.

9

that the marking statute does not apply to method claims is that… ***there is nothing to mark***.") (emphasis added).

To the extent that the Complaint identifies both method and apparatus claims for the '298 patent, it would be premature at the motion to dismiss stage to parse which claims will be asserted against Defendant for "pre-suit" damages purposes, particularly before infringement contentions have been served. *See DRG-International, Inc. v. Bachem Ams., Inc.,* 2016 U.S. Dist. LEXIS 184494, at *13 (C.D. Cal. Jan. 5, 2016) (declining to rule on limiting plaintiff's potential recovery at the motion to dismiss stage due to speculatory § 287(a) issues). It would be premature for the Court to make a determination now on which claims will be asserted in Estech's infringement contentions, and whether they will be method claims or otherwise. Precluding "pre-suit" damages based on a speculative reading of the marking statute, as the Motion seeks, would be improper.

Therefore, the Motion should be denied on this issue. It is simply contrary to controlling precedent to dismiss "pre-suit" damages for the '349, '684, and '699 patents due to any requirements under the marking statute, and it would be premature for the '298 patent.

### E. If a More Definitive Statement Is Required, Estech Should Be Granted Leave to Amend.

As explained above, Estech maintains that it has appropriately satisfied the pleading requirements of the Federal Rules at this early stage of the litigation. If, however, the Court finds that Estech's initial complaint falls short on any of those requirements, the appropriate remedy is not dismissal but rather an order that Estech amend the Complaint to remedy any ambiguity to the extent that information is publicly available. *See Wapp Tech L.P.*, 406 F. Supp. 3d at 600 (granting motion to dismiss and granting plaintiffs leave to amend). Additionally, with or without amendment of the Complaint, the infringement contentions that Estech is required to serve under

P.R. 3-1 later today, will moot the Motion and cure any ambiguity regarding which products are accused in the complaint.

## III. CONCLUSION

For the foregoing reasons, Estech respectfully requests that the Court deny the Motion in its entirety. In the alternative, Estech respectfully requests that the Court grant Estech leave to amend the Complaint to cure any deficiencies.

Dated: July 6, 2020

Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
Jonathan L. Hardt
Texas State Bar No. 24039906
Chad Ennis
Texas State Bar No. 24045834
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com
jhardt@wsltrial.com
cennis@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453

                                            Philadelphia, PA 19103
                                            Tel: 512-543-1373
                                            johnw@wsltrial.com

                                            ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 6, 2020 the undersigned caused a copy of the foregoing document to be served on all counsel of record, via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Fred I. Williams*
Fred I. Williams